THE TOWN OF WESTON *v.* PETER D. MARSH.

*(In error.)*

> Where the *ad damnum* in a writ, pending in a justice's court, is but ten dol-
> lars, the action is not appealable, unless the plaintiff's written exhibit,
> specification or the declaration itself clearly shows that the demand is
> more.

THIS was a writ of error to reverse a judgment of the
county court.

The defendant in error commenced a suit against the plain-
tiffs in error, before a justice of the peace, declaring in two
counts. The first count was, in substance, that, in conside-
ration that the defendant in error would convey John Win-
ship, a pauper of said town of Weston, from the house of
John Wilder to the house of Ira Fen, both in said Weston,
the plaintiffs in error, by the overseers of the poor of said
town, (naming them,) promised the defendant in error to pay
him a reasonable sum therefor, and to save him harmless
from all costs and charges which he might incur in conveying
said pauper as aforesaid, and if he should meet with difficulty
and incur expense in so carrying said pauper, in consequence
of a flood of water which was, at that time, upon the road
leading from the said Wilder's to the said Fen's house, the
plaintiffs in error would pay all just damages and costs aris-
ing therefrom ; that relying upon said promise, the defendant
in error conveyed said pauper from the house of said Wilder
to the house of said Fen ; that while he was so conveying
the said pauper, his horses plunged into the water and be-
came frightened, and it became necessary to procure assist-
ance ; that men in the neighborhood volunteered their ser-
vices and assisted him in conveying the pauper, for which
services the defendant in error had been sued and put to great
trouble and expense in defending said suits and in satisfying
the judgments rendered against him, to a large amount, to
wit, the sum of ten dollars.

The second count was for ten dollars, paid laid out and
expended by the defendant in error at the request of the
plaintiffs in error. The *ad damnum*, in the writ, was ten
dollars. The plaintiffs in error pleaded an offset of thirty
dollars, in the justice's court, but did not introduce any evi-

dence in support of the plea.  A judgment was rendered by
the justice, in favor of the defendant in error against the
plaintiffs in error, for ten dollars damages and $4,47 costs.
From this judgment the plaintiffs in error appealed to the
county court.  The appeal having been entered in the coun-
ty court, the defendant in error moved the court to dismiss
the suit, alleging that the county court had no appellate ju-
risdiction thereof;—Whereupon the county court dismissed
the suit with costs, and to reverse the judgment of the coun-
ty court, dismissing said suit, this writ of error was brought.

   *D. L. Putnam,* argued for plaintiffs in error, and cited
*Hill* v. *Wait,* 5 Vt. R. 124.  Id. 503.  4 Vt. R. 195.

   *D. Kellogg,* for defendant in error, contended that the
justice had exclusive jurisdiction in the case, and cited *Brush*
v. *Hurlburt,* 3 Vt. R. 46.  *Stevens* v. *Pearsons,* 5 Vt. R. 507.
*Hill* v. *Wait,* Id. 124.  *Richardson* v. *Dennison,* 1 Aik.
R. 210.  *Bell* v. *Mason,* 10 Vt. R. 511.  *Catlin* v. *Aiken,*
5 Vt. R. 180.

   The opinion of the court was delivered by
   COLLAMER, J.—Every judgment of a justice is final "when
the sum demanded does not exceed ten dollars."  The
amount claimed by the plaintiff is generally determined by the
*ad damnum,* and, as to an open claim, or matter resting in as-
sessment of damages, that is conclusive.  There being two
or more counts, each claiming no more than ten dollars, does
not alter it, as they will always be presumed to be for the
same subject matter, when that is possible, because by no
other presumption can the declaration and *ad damnum* be
consistent.  If the *ad damnum* does not exceed ten dollars,
still the action may be appealable, if, by the plaintiff's writ-
ten exhibit or specification, or by the declaration itself, it is
clear that his demand is above ten dollars.  In this case the
*ad damnum* is but ten dollars, and the plaintiff presented
no written exhibit or specification.  Does the declaration
clearly show that his claim was more than he demanded in
damages?  The second count, for money paid out, will be·
presumed to be for the same matter, or a part of it, men-
tioned in the first count, by the rule already mentioned.  By
the first count, it is alleged that the defendants below pro-
mised to pay for transporting the pauper and to indemnify

WINDHAM,
February,
1840.
_____
The town of
Weston
*v*
Marsh.

the plaintiff below for all damages, costs and charges incurred therein ; that he performed the service, was compelled to call assistance, and, for this, has been sued and put to costs, and been compelled to pay judgments recovered against him to a large amount, to wit, ten dollars.   It is to be remembered, that an amount laid under a videlicet is rendered thereby in no way certain, unless it be that it cannot be shown above that amount.   Now treat this count in that manner and we cannot say what was the amount of the plaintiff's claim. The declaration, therefore, does. not show that the plaintiff's claim exceeded ten dollars.   This question could not be affected by the finding of the justice, nor by the fictitious plea in offset of the defendant below.

> Judgment—that there was no error.